Lopez, J.
In this action, plaintiff, Mary-Caroline Campbell (Campbell), seeks damages for injuries sustained when she was struck by a golf ball hit by defendant, Saverio Picceri (Picceri). Picceri now moves for summary judgment, alleging that Campbell has failed to put forth evidence that Picceri’s conduct fell below the requisite standard of care. For the following reasons, the motion for summary judgment is ALLOWED.
BACKGROUND
The following material facts, taken in a light most favorable to the nonmoving party, are not in dispute. On October 5, 1994, Campbell was playing golf at the Lexington Golf Club in Lexington, Massachusetts. In search of a ball she had hit astray, Campbell walked from the ninth fairway toward the rough of the adjacent fairway where Campbell located the errant golf ball. At the same time, Picceri was teeing off from the adjacent hole. Campbell was standing approximately 100 feet from Picceri, in the rough area to the left of the hole. The shared rough where Campbell was standing contains some trees and is at the bottom of an incline from the elevated tee area. Campbell saw Picceri’s two partners, who had already teed off, standing in the tee area, but she did not see anyone else.
Picceri failed to see Campbell. As Picceri took his swing, his golf partner, who was standing to the left of the elevated tee area, observed Campbell. He turned to tell Picceri to stop his swing, but Picceri had already driven the ball. As the ball hooked to the left of the hole, Picceri’s partner yelled, “Fore!” to warn Campbell, but the ball struck Campbell in the face, resulting in serious injuries.
Campbell’s complaint alleges that Picceri acted negligently because he failed to observe Campbell before he teed off and failed to warn Campbell after the ball was hit. The complaint also alleges that Picceri’s conduct was “wanton and willful and exhibited grossly negligent conduct both in the timing and the manner in which he put his ball in play.”
Picceri now argues that he is entitled to judgment as a matter of law because Campbell must show that Picceri was more than negligent and the record does not demonstrate that Picceri’s conduct rose to the level of “willful, wanton, or reckless.”
DISCUSSION
This court allows summary judgment where there is no genuine dispute as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c) The moving party bears the burden of demonstrating the absence of a triable issue and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial demonstrates the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1989). The nonmoving party cannot defeat the motion for summary judgment by resting on its pleadings and mere assertions of disputed facts. LaLonde v. Eissner, 405 Mass. 207, 209 (1989). In order to defeat the motion, the nonmoving party must respond by alleging specific facts demonstrating the existence of a genuine issue of material fact. Pederson v. Time, Inc., supra at 17.
As a matter of law, the parties disagree as to the appropriate standard of care under the facts of this case. Campbell argues that a negligence standard is appropriate, while Picceri argues that a “willful, wanton, and reckless” standard governs this case. The Supreme Judicial Court has adopted the standard of “reckless misconduct”[2] for personal injury cases arising out of athletic events. Gauvin v. Clark, 404 Mass. 450, 454 (1989). The Gauvin Court upheld ajudgment for the defendant where the jury found that during a hockey game, the defendant violated a known safety rule and caused plaintiffs injuries but did not act “willfully, wantonly or recklessly.” Id. at 453. The Court reasoned that a mere negligence standard would chill the vigorous and active participation in sporting events. Id. at 454.
Campbell urges this court to distinguish Gauvin because that case involved a contact sport, whereas golf is a non-contact sport. This court declines to draw that distinction. Nothing in the Gauvin decision suggests that its adoption of the “willful, wanton, or reckless” standard was limited to contact sports.
In order to demonstrate that a defendant’s conduct was “willful, wanton, or reckless,” a plaintiff must show, first, that the defendant knowingly and intentionally disregarded an unreasonable risk and, second, that the risk, viewed prospectively, entailed a “high degree of probability that substantial harm would result.” Manning v. Nobile, 411 Mass. 382, 387-88 (1991).
The record in this case simply does not demonstrate that Picceri’s conduct amounted to the degree of danger required by the reckless conduct standard or by other cases where liability has been imposed. See Sandler v. Commonwealth, 419 Mass. 334 , 339 (1995), and cases cited. There is no evidence in the record to support a finding that Picceri drove the ball with the knowledge or intention of striking Campbell. On the contrary, it is undisputed that Picceri failed to *451 see Campbell as he prepared to tee off. Even if Campbell failed to look before he teed off, in violation of the United States Golf Association safety rules, the area in which Campbell was located — in the shared rough, amidst trees, between the two fairways — is not a place where a golfer would or should reasonably have looked before teeing off. Campbell’s own testimony suggests that the angle of Picceri’s shot was highly unlikely, as she had “never seen a shot come off [that] tee and land where it landed.” (Campbell Dep. at 108.)
Also absent from the record is any evidence that Picceri saw Campbell even after he swung, or that he knowingly failed to warn her. Campbell has not set forth specific facts to dispute Picceri’s assertion that he could not see her from the tee. Campbell’s own deposition testimony confirmed that the view between her and Picceri may have been obstructed by the incline, as she testified that she could not see Picceri tee off from where she was standing, but she could see Picceri’s two partners who were standing to the left of the elevated tee. (Campbell Dep. at 94, 99.) Therefore, Campbell has not demonstrated that a genuine dispute exists as to whether Picceri could have seen Campbell before or after he teed off.
In addition, given that Picceri did not see Campbell and that the area where Campbell was standing — to the left of the hole, in the rough between the two fairways — was clearly not the intended target, Campbell has failed to set forth any evidence that Picceri engaged in a risk involving a “high degree of probability” that Campbell would be injured.
Based on the summary judgment record, this court finds that under the proper standard for injuries sustained during sporting activities, Campbell is unlikely to prove at trial that Picceri acted willfully, wantonly, or recklessly — an essential element of her claim. Therefore, Picceri is entitled to judgment as a matter of law.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant’s motion for summary judgment be ALLOWED.

The terms “willful,” “wanton,” and “reckless” are interchangeable and the Court’s recent practice has been to substitute the term “reckless conduct” for the sake of brevity. Sandler v. Commonwealth, 419 Mass. 334, 335; Manning v. Nobile, 411 Mass. 382, 387 n.8 (1991).