Welch, J.
Both sides have requested that this Court resolve the legal issue concerning what standard of care should apply to someone who was hit in the jaw by a golf club while he is participating in the game of golf. This peculiar fact pattern arose in the following way. The plaintiff, who was waiting to tee off at the Beverly Golf and Tennis Club, was struck in the jaw by defendant Pickering’s golf club. Pickering also was waiting to tee off on the same tee and was practicing his swing. The plaintiff suffered a broken jaw.
The issue is whether a standard of negligence applies in this context or whether the standard of recklessness announced in the Massachusetts Supreme Judicial Court decision’s of Gauvin v. Clark, 404 Mass. 450 (1989), is appropriate in this setting. I conclude that the proper standard is one of recklessness.
The plaintiff argues that the Gauvin recklessness standard should be confined to contact sports, such as the sport of hockey which was involved in that Supreme Judicial Court case. The plaintiff further argues that this Court should not announce a “bright line” rule applying the recklessness standard to any sport but should rather proceed on ad hoc basis considering the particular type of physical sport at issue and the type of activity which caused the injury. These arguments are not persuasive.
Although the Gauvin case did arise in the context of the often rough contact sport of hockey, the language of the case is more broadly worded. The Gauvin court wished to narrow tort liability “lest the law chill the vigor of athletic competition.” Thus, the Court *702 adopted a “reckless disregard of safely” standard for “personal injury cases arising out of an athletic event." This standard furthered the policy of “vigorous and active participation in sporting events [that] should not be chilled by the threat of litigation." The Gauvin recklessness standard has been applied by various lower Massachusetts courts to the sport of golf. See Campbell v. Picceri, 5 Mass. L. Rptr. 449, 1996 WL 378264 (Mass. Sup. Ct.) (Lopez, J.); Hill v. Bosma, 1993 WL 228777 (Mass.App.Div.). Likewise, a case relied upon heavily by the plaintiff, namely Tompson v. McNeill, 559 N.E.2nd 705 (Ohio 1990), held that negligence was not the proper standard when a participant in a golfing game is injured by another golfer. The Ohio Supreme Court stated: “While we believe there can be no actionable negligence between participants in a sport, we do not embrace the notion of a playing field that is a free fire zone.” Id at 707. It is true that all of these cases that apply a recklessness standard in the context of a golf game involve the plaintiff being hit by a poorly struck golf ball. Here, the plaintiff is hit by a poorly swung golf club. This is a distinction, however, without a difference. The Ohio Supreme Court, for example, believed that a recklessness standard should be applied “in the context of the game of golf [where] a player who hurls a club into the air in a moment of pique and injures another golfer should be held accountable.” Id at 708.
This Court does not accept the plaintiffs invitation to define the standard of care between two sporting participants on an ad hoc basis. As long as the two participants are participating in a physical, athletic sport involving some danger of physical contact, then a standard of recklessness should apply to conduct of the participants. Engaging in an ad hoc determination provides the public no assurance or guidance that their active competition might later result in legal liability.
Not only does the case law support imposing a recklessness standard to participants in contact and noncontact sports alike, so does common sense. Society has little interest in imposing liability on a tennis player who negligently overswings his racquet and hits another player or a sailor whose attention wanders from the luffing sail and carelessly allows the boom to swing and hit another. Sport allows us freedom of uninhibited movement and a respite from society’s confining strictures concerning carelessness while not allowing us to engage in deliberate conduct that is wilful, wanton or reckless.
Thus, the defendants’ motion in limine is granted and this Court rules that a standard of recklessness should apply to the present case.