Brady, J.
Golf may be ... a sophisticated game. At least, it is usually played with the outward appearance of great dignity. It is, nevertheless, a game of considerable passion, either of the explosive type, or that which burns inwardly and sears the soul.
Bobby Jones
Tommy Bolt’s putter has spent more time in the air than Lindbergh.
Jimmy Demaret
BACKGROUND
While golfing with three companions at White Cliffs Country Club in Plymouth, MA. on April 8, 1995, the defendant Novelli sliced his drive out of bounds on the sixth hole. Novelli was greatly distressed. Soon thereafter, the offending driver left his hands and struck plaintiff John Orth, who was standing behind him and to his right (as one would face the desired direction of the shot). Whether Novelli, as sometimes occurs, simply threw his club in anger at his mishit drive,[2] or it slipped from his grasp as he swung angrily at the air,[3] presents a genuine issue of material fact.
Orth’s lawsuit claims that Novelli acted “negligently and/or recklessly.” Novelli moves for summary judgment. If the jury, as it could, decides that Novelli threw his club, I have no doubt that they could characterize this misbehavior as reckless.[4] The more interesting issue presented by this motion is whether Orth can prevail on a lesser showing of negligence.
DISCUSSION
In Gauvin v. Clark, 404 Mass. 450, 454 (1989), a tort action brought by a college hockey player against an opponent who had struck the plaintiff with his stick during a hockey game, the Supreme Judicial Court announced that competitors in an athletic event owe a duty to other players to refrain from reckless misconduct. The court held that “precluding the imposition of liability in cases of negligence without reckless misconduct was necessary to further the policy that ‘vigorous and active participation in sporting events should not be chilled by the threat of litigation.’ ” Id., quoting Kabella v. Bouschelle, 100 N.M. 461, 465 (1983). The court, however, was not presented with the issue of whether the recklessness standard should be applied to noncontact sports such as golf, and it is far from clear that its reasoning would apply to such sports.
Since Gauvin, neither the Supreme Judicial Court nor the Massachusetts Appeals Court has addressed the issue. During this time, however, various lower Massachusetts courts have applied the Gauvin reck *680 lessness standard to the sport of golf. See Campbell v. Picceri, Civil No. 952881, 5 Mass. L. Rptr. 449 (Middlesex Super. Ct. June 28, 1996); Mangone v. Pickering, Civil No. 950357, 6 Mass. L. Rptr. 677 (Essex Super. Ct. April 14, 1997); Hill v. Bosma, 1993 Mass.App.Div. 128 (1993). As discussed below, I respectfully disagree with these decisions.
What standard of care golfers owe each other has arisen in other states. The cases are divided. In Thompson v. McNeill, 559 N.E. 2d 705, 708 (1990), the Supreme Court of Ohio stated that, between participants in a game of golf, “only injuries caused by intentional conduct, or in some instances reckless misconduct, may give rise to a cause of action.” Thompson v. McNeill, 559 N.E.2d at 706. See also Hathaway v. Tascosa Country Club, Inc., 846 S.W.2d 614, 617 (Tex.App. 1993) (the standard of care applicable to an action resulting when a golfer was struck in the head by another golfer’s errant golf ball was not a standard of ordinary negligence but rather a reckless and intentional standard); Allen v. Donath, 875 S.W.2d 438, 443 (Tex.App. 1994) (whether a golfer breached his duty to request permission or otherwise announce his intention to hit a second tee shot was properly measured by the reckless conduct standard of care, rather than the ordinary negligence standard).
On the other hand, in Zurla v. Hydel, 681 N.E.2d 148, 152 (Ill.App. 1997), the Appellate Court of Illinois held that golf was not a contact sport requiring a plaintiff to prove willful and wanton conduct. That court concluded that a golfer hit on the head with a golf ball driven by another golfer only had to allege and prove traditional negligence in order to recover damages. Id. See also Jaworski v. Kiernan, 696 A.2d 332, 339 (Conn. 1997) (because golf is not a sport where contact is a part of the game, a different standard of care than the recklessness standard for contact sports may be appropriate); Neumann v. Shlansky, 294 N.Y.S.2d 628, 630 (1968) (a golfer owes a duty to use reasonable care to avoid injuring other players on the golf course). Compare Becksfort v. Jackson, 1996 WL 208786 (Tenn.App. 1996) (a plaintiff who was injured during a tennis drill was required to demonstrate only ordinary negligence in order to recover damages).
I am of the view that Zurla offers the better rule. Golf is not the type of game in which participants are inherently, inevitably or customarily struck by either the ball or another player’s club. See Zurla v. Hydel, 681 N.E.2d at 152. Unlike contact sports, where assaults and batteries are the norm, the only time golfers normally touch each other is when they shake hands at the end of a round. The emphasis in golf is on control, finesse, and courteous behavior rather than power, speed, and violent contact. “Moreover, [any] physical dangers that exist are diminished by the long-standing traditions in which courtesy between the players prevails.” Id.
In Gauvin, the Supreme Judicial Court voiced its apprehension that attaching a negligence standard to sports would chill participation. This concern is unfounded with respect to golf. It is farfetched to think that golfers would be deterred from playing simply because they are required to act with ordinary and reasonable care toward their fellow golfers.[5] I see no reason why golfers should enjoy less protection from negligent behavior than people in the ordinary course of life. Accordingly, I rule that a golfer injured during a round of golf need only show negligence in order to recover damages. One further point. Given the uncertain scope of Gauvin and the split of authority elsewhere, it makes sense from a judicial management perspective to submit the case to the jury on special verdict questions of negligence and recklessness, thus reserving the issue for the appellate courts to decide.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion for summary judgment be DENIED.

 So testified Orth at deposition.

 As Novelli swears in his affidavit.

 In Thompson v. McNeill, 559 N.E.2d 705, 708 (Ohio, 1990), the Supreme Court of Ohio stated that “a player who hurls a club into the air in a moment of pique and injures another golfer should be held accountable [under the recklessness standard].”

 Perhaps from the perspective of the weekend golfer forced to endure five hour rounds at a crowded public course, a little “chilling” might not be a bad thing.